IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
EL PASO DIVISION

| | | |
|---|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, | ) ) ) | |
| Plaintiff, | ) ) ) | CIVIL ACTION NO. |
| v. | ) ) ) | C O M P L A I N T |
| XING LING, Inc., d/b/a HONG KONG BUFFET II | ) ) ) | 3:10-cv-358 |
| Defendant | ) ) | **JURY TRIAL DEMAND** |

## NATURE OF THE ACTION

This an action under Title VII of the Civil Rights Act of 1964, as amended, and Title I of the Civil Rights Act of 1991 to correct unlawful employment practices on the basis of sex and to provide relief to Judith Pino. The Commission alleges that Defendant, Xing Ling, Inc., d/b/a Hong Kong Buffet II (hereinafter "Defendant"), violated Title VII by terminating Judith Pino from her employment as a Hostess because she was pregnant.

## JURISDICTION AND VENUE

1.  Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §451, 1331, 1337, 1343, 1345.  This action is authorized and instituted pursuant to Section 703(a)(1) of Title VII of the Civil Rights Act of 1964, as amended by the Civil Rights Act of 1991, 42 U.S.C. §2000-e2(a)(1) and the Pregnancy Discrimination Act of 1978.

2.     The employment practices alleged to be unlawful were committed within the jurisdiction of the United States District Court for the Western District of Texas, El Paso Division.

## PARTIES

3.     Plaintiff, Equal Employment Opportunity Commission ("Commission"), is an agency of the United States of America charged with the administration, interpretation and enforcement of Title VII of the Civil Rights Act of 1964, as amended and is expressly authorized to bring this action by Sections 706(f)(1) and (3) of Title VII, 42 U.S.C. §2000e-5(f)(1) and (3).

4.     At all relevant times, Defendant has continuously been and is now doing business in the state of Texas and the city of El Paso and has continuously had at least fifteen employees.

5.     At all relevant times, Defendant has continuously been an employer engaged in an industry affecting commerce under Sections 701(b), (g) and (h) of Title VII, 42 U.S.C. §2000e-(b), (g) and (h).

## STATEMENT OF CLAIMS

6.     More than thirty days prior to the institution of this lawsuit, Judith Pino filed a charge with the Commission alleging violation of Title VII of the Civil Rights Act of 1964, as amended, by the Defendant. All conditions precedent to the institution of this lawsuit have been fulfilled.

7.     On or about December 18, 2009, Defendant's management official informed Judith Pino, a Hostess at Defendant's restaurant, that she could no longer work due to her pregnancy, and that she could only reapply after she gave birth.  Defendant also noted that Pino's pregnancy was the reason for her termination on a benefits form.  The decision to terminate

Judith Pino's employment on the basis of her pregnancy violates Section 703(a)(1) of Title VII of the Civil Rights Act of 1964, as amended by the Civil Rights Act of 1991, 42 U.S.C. §2000-e2(a)(1) and the Pregnancy Discrimination Act of 1978.

8.  The result of the foregoing employment practice was to deprive Judith Pino of equal employment opportunities because of her sex.

9.  The unlawful employment practice complained of in paragraph 7 above was intentional.

10. The unlawful employment practice complained of in paragraph 7 above was done with malice or with reckless indifference to the federally protected rights of Judith Pino.

## PRAYER FOR RELIEF

Wherefore, the Commission respectfully requests that this Court:

A.  Grant a permanent injunction enjoining the Defendant, its officers, successors, assigns, and all persons in active concert or participation with them, from engaging in any employment practice which discriminates on the basis of sex, specifically with respect to pregnancy.

B.  Grant a permanent injunction enjoining the Defendant, its officers, successors, assigns, and all persons in active concert or participation with them, from engaging in any employment practice which discriminates in violation of Title VII and, specifically, from making its employment decisions based on pregnancy status.

C.  Order the Defendant to make whole Judith Pino by providing appropriate back pay with prejudgment interest in amounts to be determined at trial, pecuniary damages, including out-of-pocket expenses, and other affirmative relief necessary to eradicate the effects of the Defendant's unlawful employment practice.

D.  Order the Defendant to make whole Judith Pino by providing compensation for past and future non-pecuniary losses resulting from the unlawful employment practice described in paragraph 7 above, including but not limited to, emotional pain, suffering, inconvenience, mental anguish, and loss of enjoyment of life, in amounts to be determined at trial.

E.  Order the Defendant to pay Judith Pino punitive damages for its malicious conduct or reckless indifference described in paragraphs 7 and 10 above, in an amount to be determined at trial.

F.  Grant such further relief as the Court deems necessary and proper in the public interest.

G.  Award the Commission its costs in this action.

## JURY TRIAL DEMAND

The Commission requests a jury trial on all questions of fact raised by its Complaint.

Respectfully submitted,

P. DAVID LOPEZ
General Counsel

JAMES L. LEE
Deputy General Counsel

GWENDOLYN YOUNG REAMS
Associate General Counsel

s/Robert A. Canino
ROBERT A. CANINO
Regional Attorney
Oklahoma State Bar No. 011782

s/Toby W. Costas
TOBY W. COSTAS
Supervisory Trial Attorney
Texas Bar No. 04855720

s/Meaghan L. Shepard
MEAGHAN L. SHEPARD
Trial Attorney
Maryland Bar (No nos. assigned)

EQUAL EMPLOYMENT OPPORTUNITY
COMMISSION
Dallas District Office
207 South Houston Street, 3rd Floor
Dallas, Texas 75202
(214) 253-2746 (telephone)
(214) 253-2749 (facsimile)
